IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

METTEYYA BRAHMANA,

    Plaintiff,

v.

PHILLIP CHARLES LEMBO, CYBERDATA CORPORATION, NUMONIX, INC., and CONQUEST TECHNOLOGY LIMITED,

    Defendants.

No. C-09-00106 RMW

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT

**[Re: Docket No. 123]**

Plaintiff Metteyya Brahmana, *pro se* in this matter, moves for leave to amend his complaint to state additional claims and to add a new defendant. For the reasons set forth below, the court grants the motion in part and denies the motion in part.

## I. BACKGROUND

Plaintiff filed his Third Amended Complaint ("TAC") on August 27, 2009. The TAC includes causes of action for hostile work environment, employment discrimination, wrongful constructive discharge, wrongful termination, false light tort, invasion of privacy, California labor code violations, and violation of the Electronic Communications Privacy Act ("ECPA"). In the TAC, plaintiff alleged that someone with the alias "SuperDooperCDsnooper" sent an email on July 29, 2008 to several CyberData employees "implying falsely that plaintiff considered himself to be the 'fifth (upcoming) Buddha' because his first name is similar to the last name of the Aria Metteyya

Buddha who is supposed to appear in the distant future, that plaintiff did not have a bachelor's degree from UC Berkeley or a Master's degree in Business Administration, and had a restraining order filed against him by his ex-wife." TAC at ¶ 33. After plaintiff complained to defendant Phillip Lembo, Lembo responded, "I know it is a CyberData employee sending the email, but my suggestion is to increase your sales to stop these emails." *Id.* at ¶ 34. Other CyberData employees were uncomfortable around Brahmana after the email was sent. *Id.* at ¶ 35.

On November 16, 2009, while taking the deposition of Cameron Barfield, a CyberData employee, plaintiff discovered that Barfield was the "SuperDooperCDsnooper" referred to in the TAC. Decl. of Metteyya Brahmana in support of Pl.'s Mot. for Leave to Amend Compl. ¶ 2. Plaintiff now seeks leave to file a Fourth Amended Complaint ("FAC"). The proposed FAC adds Cameron Barfield as a defendant, alleges claims for negligent and intentional infliction of emotional distress against Barfield and other defendants, alleges public policy violations as part of his claim for wrongful termination, and makes new factual allegations regarding improper use of the CyberData corporate jet. Defendants oppose plaintiff's motion only insofar as it seeks to: (1) add claims for negligent and intentional infliction of emotional distress and (2) add Barfield as a defendant.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that the court should "freely give leave [to amend pleadings] when justice so requires." Courts are to apply Rule 15's policy of favoring amendment to pleadings with "extreme liberality," particularly when the litigant is *pro se*, as in this case. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). Even with a *pro se* litigant, however, the court may deny leave to amend when a proposed amendment is futile. *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir. 1965). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

### A. Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress is a form of the tort of negligence. *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 124, 129 (1993). Accordingly, to establish a claim

for negligent infliction of emotional distress, plaintiff must allege each of the following elements of negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Id.* A duty to the plaintiff may be "imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 590 (1989)). The California Supreme Court has made clear that there is no duty to avoid negligently causing emotional distress to another. *Id.* at 984.

> [U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests.

*Id.* at 985. Therefore, plaintiff must either allege a duty owed the plaintiff regarding his emotional condition or allege that his emotional distress arises out of defendant's breach of some other legal duty.

As set forth in the FAC, plaintiff's negligent infliction of emotional distress claim against Cameron Barfield is based on the allegation that Barfield was "negligent in sending out an email to nearly all CyberData employees without any regard for the truthfulness of the contents of this email, and the dissemination of this email caused plaintiff serious emotional distress . . . as a direct result of this negligent act by Mr. Barfield." FAC at ¶ 81. Plaintiff does not allege that Barfield owes him a duty of care regarding his emotional condition, nor does plaintiff allege that the emotional distress he suffered arose out of Barfield's breach of some other legal duty. Moreover, the only relationship alleged between Barfield and plaintiff is that both are employees of CyberData. Such a relationship is insufficient to create a duty of care regarding plaintiff's emotional well-being. Thus, no set of facts can be proved under this proposed amendment which would constitute a valid claim against Barfield for negligent infliction of emotional distress.

As for the other named defendants, the FAC states that they "failed to exercise ordinary care to properly supervise, investigate, or discipline Cameron Barfield for his act . . . or set the proper professional tone in the office that encouraged Barfield to feel it was OK to send false implications via email." FAC at ¶ 82. When an employer's alleged misconduct consists of "actions which are a

normal part of the employment relationship," claims for emotional distress are preempted by the exclusivity provisions of the workers' compensation law. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987); *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 747 (1992). Supervising, investigating, or disciplining an employee and setting the professional tone in the office (or failure to do so) clearly fall within a normal part of the employment relationship.[1] Therefore, plaintiff's claim for negligent infliction of emotional distress against the other named defendants is barred by the exclusivity provisions of the workers' compensation law.

Because the proposed amendment adding the claim of negligent infliction of emotional distress is futile, the court denies leave to make this proposed amendment.

### B. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, plaintiff must allege: (1) outrageous conduct by defendant, (2) defendant's intent to cause, or reckless disregard of the probability of causing, emotional distress, (3) severe emotional distress, and (4) an actual and proximate causal link between the tortious conduct and the emotional distress. *Nally v. Grace Community Church*, 47 Cal. 3d 278, 300 (1988). For the conduct to qualify as outrageous, it must be so extreme that it "goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." *Gomon v. TRW*, 28 Cal. App. 4th 1161, 1172 (1994). "Insults, indignities, annoyances, petty oppressions or other trivialities will not suffice. The conduct must be such that it would cause an average member of the community to immediately react in outrage." *Id.*

In the FAC, plaintiff bases his claim of intentional infliction of emotional distress upon an email sent by Barfield to CyberData employees that allegedly implied "falsely that plaintiff considered himself to be the 'fifth (upcoming) Buddha' because his first name is similar to the last name of the Aria Metteyya Buddha who is supposed to appear in the distant future, that plaintiff did not have a bachelor's degree from UC Berkeley or a Master's degree in Business Administration, and

---

[1] Defendants' alleged failure to supervise, investigate, or discipline an employee for sending out an email that contains false implications also does not implicate public policy concerns such that it would fall outside the scope of the exclusivity provisions of the worker's compensation law.

had a restraining order filed against him by his ex-wife." FAC at ¶ 33. Neither Barfield's act of sending this email nor the other defendants' failure to prevent such an email from being sent go "beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." *Gomon*, 28 Cal. App. 4th at 1172. Consequently, plaintiff fails to allege a claim for intentional infliction of emotional distress (both against Barfield and against other named defendants). Moreover, for the same reasons explained above, plaintiff's claim for intentional infliction of emotional distress, as asserted against other named defendants, is barred by the exclusivity provisions of the workers' compensation law.

Because the proposed amendment adding the claim of intentional infliction of emotional distress is futile, the court denies leave to make this proposed amendment.

### C. Addition of Cameron Barfield as a Defendant

At the hearing on December 15, 2010, plaintiff stated that he seeks to assert only the following three causes of action against Barfield in the FAC: (1) negligent infliction of emotional distress, (2) intentional infliction of emotional distress, and (3) false light tort. As discussed above, the court denies leave to add the negligent and intentional infliction of emotional distress claims. The parties have not addressed the remaining false light tort claim against Barfield in their papers. Because defendants have indicated their intent to file a motion to dismiss on other grounds regardless of whether Barfield is added as a defendant, the court defers ruling on whether plaintiff has successfully alleged a false light tort claim and grants leave to amend the complaint to add Barfield as a defendant. Defendants have the opportunity to seek dismissal of the false light tort claim for failure to state a claim in their forthcoming motion to dismiss.

Counsel for defendants has represented to the court that they will represent Barfield if Barfield is added as a defendant. Counsel for defendants is to advise plaintiff whether they will accept service on behalf of Barfield or whether he must be served.

### D. Scheduling Order

Defendants request that the court modify the deadlines in its June 26, 2009 scheduling order to provide them with more time to respond to the new complaint. Defendants represented to the court that they intend to file a motion to dismiss plaintiff's Title VII and California Fair Employment

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT—No. C-09-00106 RMW
CCL 5

and Housing Act ("FEHA") claims, followed by a motion for summary judgment regarding any remaining claims. The court notes that defendants could have filed a motion to dismiss earlier, as plaintiffs' Title VII and FEHA claims had already been alleged in the TAC. Nonetheless, in light of the amendments in the FAC, it seems fair to give defendants more time to file motions that may narrow the scope of the case. Therefore, the court adopts the following amended schedule:

| | |
|---|---|
| 4/13/10 | Discovery and expert cutoff |
| 5/14/10 | Hearing on dispositive motions |
| 6/15/10 | Joint pretrial statement |
| 6/22/10 | Pretrial conference |
| 7/6/10 | Jury trial |

The court declines to set a hearing date for a motion to dismiss that has not yet been filed.

### III. ORDER

For the foregoing reasons, the court grants the motion in part and denies the motion in part as follows:

1. The court denies leave to amend the complaint to add claims for negligent infliction of emotional distress and intentional infliction of emotional distress.

2. The court grants leave to amend the complaint in all other respects. Plaintiff may file an amended complaint in conformance with this order.

3. The court sets the following schedule:

    | | |
    |---|---|
    | 4/13/10 | Discovery and expert cutoff |
    | 5/14/10 | Hearing on dispositive motions |
    | 6/15/10 | Joint pretrial statement |
    | 6/22/10 | Pretrial conference |
    | 7/6/10 | Jury trial |

DATED: 1/15/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Plaintiff:**

Metteyya Brahmana          mbrahmana@gmail.com

**Counsel for Defendants:**

James Joseph Cook          jcook@horanlegal.com
Michael Patrick Burns       mburns@horanlegal.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    1/15/10                                    CCL
                                                                   **Chambers of Judge Whyte**