| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| METTEYYA BRAHMANA, | ) | Case No.: C 09-0106 RMW (PVT) |
| Plaintiff, | ) ) | **ORDER RE DEFENDANTS' MOTION FOR TERMINATING SANCTIONS** |
| v. | ) | |
| PHILIP CHARLES LEMBO, et al., | ) ) | |
| Defendants. | ) ) | |

On February 23, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendants' motion for terminating sanctions. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Defendants' motion for terminating sanctions is DENIED on the condition that Plaintiff fully complies with this order. Terminating sanctions are generally not warranted unless there is prejudice to the moving party and less drastic sanctions are unavailable. *See Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Here, Defendants have not shown they will be prejudiced, and lesser sanctions are available that may well induce Plaintiff to remedy the deficiencies in his discovery responses..

IT IS FURTHER ORDERED that Plaintiff shall provide Defendants with a privilege log that lists each document that is responsive to one of Defendants' document requests, but that Plaintiff is

withhold on grounds of privilege or work product protection. The log shall identify the general nature of the document, the author, any recipient(s), the date it was created, and the privilege or work product protection asserted.

IT IS FURTHER ORDERED that no later than March 8, 2010, Plaintiff shall produce to Defendants any documents responsive to any of Defendants' document requests that Plaintiff has withheld from production on the grounds that he intends to use them for impeachment. Plaintiff mentioned impeachment during the discussion of what documents should be listed on the privilege log. The court notes that a document may ***not*** be withheld from production in response to a Rule 34 document request on the grounds that it will be used solely for impeachment. *See, e.g., Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 44-45 (W.D.Va. 2000).

The scope of discovery is broad. Federal Rules of Civil Procedure 26(b)(1) provides:

> "**Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

Although Rule 26(a)(1) and (3) exempts materials to be used solely for impeachment from initial and pretrial disclosures, there is no similar exemption for document requests propounded pursuant to Rule 34. *See* FED.R.CIV.PRO. 34.

IT IS FURTHER ORDERED that, absent an order of the court or agreement of Defendants to the contrary, Plaintiff may not withhold any document from production on the grounds the document is not relevant. If a document is responsive to any of Defendants' document requests, Plaintiff must produce it unless it is subject to a privilege or work product protection (in which case it must be listed on the privilege log).

IT IS FURTHER ORDERED that Plaintiff shall provide a supplemental response to CyberData Interrogatory No. 25. The supplemental response shall identify by name and address of each witness referred to in Paragraphs 30, 31, 33, 34 and 40 of the Second Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff shall provide a supplemental response to Lembo

Interrogatory No. 2.  The supplemental response shall identify by name and address of each witness that Plaintiff believes can support his claim that he was terminated in violation of state or federal law.

IT IS FURTHER ORDERED that Plaintiff shall provide supplemental responses to CyberData Interrogatory Nos. 6 and 7 that states, for each of his convictions: 1) the city and state where he was convicted; 2) the approximate year of the conviction; 3) the offense charged; and 4) the court.  If Plaintiff has records of the conviction within his possession, he shall also provide the case number and specific date of the conviction.  Plaintiff shall also execute any release required by a state or federal court for release of records from the courts' criminal case files to Defendants.

IT IS FURTHER ORDERED that, for each interrogatory (other than interrogatories 6 and 7 specifically addressed above) for which Plaintiff indicated he could not recall the responsive information, Plaintiff shall supplement his response to provide as much information as he *can* recall in order to allow Defendants to attempt to obtain the information from other sources.

IT IS FURTHER ORDERED that Plaintiff shall supplement his initial disclosures to more specifically identify the subject matter(s) about which he believes each identified witness is likely to have discoverable information.

IT IS FURTHER ORDERED that, except as otherwise expressly specified herein, Plaintiff shall comply with this order no later than March 22, 2010.

IT IS FURTHER ORDERED that Defendants may file a motion for monetary sanctions, including any sums spent to obtain information and/or documents responsive to their discovery requests that Plaintiff should have provided to Defendants in complying with this court's order issued December 8, 2010 (entered December 9, 2010 at docket no. 120), and which he has not provided to Defendants by March 22, 2010.  Plaintiff is correct that Defendants are equally able to obtain some of the information sought.  However, in responding to the discovery requests it was *Plaintiff's* obligation to provide information that is within his knowledge or reasonably available to him, and documents that are within his possession custody or control.  *See, e.g., Calderon v. U.S.*, 2008 WL 1787497, *2 (S.D. Cal. April 15, 2008) (noting that "party may propound interrogatories which require the answering party to 'furnish such information as is available to the party' after

1 | conducting a reasonable inquiry," and that under Rule 34, "a party may request production of
2 | documents relevant to the litigation that are in the opposing party's possession, custody or control");
3 | *see also, Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah, 1968) ("An individual party
4 | is in no better position than a corporation to claim lack of knowledge if the information reasonably
5 | can be secured").  If Plaintiff insists on requiring Defendants to obtain information and/or documents
6 | that Plaintiff was obligated to provide in response to Defendants' discovery requests and this court's
7 | prior order compelling the discovery, then the cost incurred by Defendants to obtain the information
8 | and/or documents is recoverable as part of the "reasonable expenses" caused by Plaintiff's failure to
9 | comply with this court's prior order.  *See* FED.R.CIV.PRO. 37(b)(2)(C).

Dated: *Feb. 26, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge