UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| METTEYYA BRAHMANA, | ) | Case No.: C 09-0106 PVT |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | ) ) | |
| PHILIP CHARLES LEMBO, et al., | ) ) | |
| Defendants. | ) ) | |

On May 30, 2010, Plaintiff filed a motion for leave to file a Sixth Amended Complaint to add a cause of action for invasion of privacy under the Fourth Amendment. Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Plaintiff's motion is DENIED because any such amendment would be futile.

Information regarding Plaintiff's criminal history and law enforcement investigations into possible criminal charges against Plaintiff are not the kind of "private" information that is protected by the Fourth Amendment. *See, Paul v. Davis*, 424 U.S. 693, 712-714 (1976) (no constitutional privacy right implicated by publication of name of arrested, but untried, shoplifter). Any contrary ruling would seriously hamper law enforcement investigations, because police would be precluded from disclosing to witnesses they interviewed any information they had already learned about the suspect's criminal activities. The cases cited by Plaintiff do not hold to the contrary. *Whalen v. Roe*

429 U.S. 589 (1977) involved private medical information. Plaintiff's other cases involved privacy under public access statutes, which involve different standards. *See, e.g., U.S. Dept. of Justice v. Reporters Committee For Freedom of Press*, 489 U.S. 749, n. 13 (1989) ("The question of the statutory meaning of privacy under the FOIA is, of course, not the same as the question whether a tort action might lie for invasion of privacy or the question whether an individual's interest in privacy is protected by the Constitution").

In any event, the Fourth Amendment does not apply to "searches" by private parties, and Plaintiff's proposed Sixth Amended Complaint does not allege facts showing that Defendants were "engaged in state action under color of law." *See, e.g., Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002) ("Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States"). Plaintiff alleges only that Defendant Lembo "knew or should have known that the disclosure to him by Henard as a member of law enforcement was private information in which plaintiff had a reasonable expectation of privacy," and that Lembo "violated this right to privacy by disclosing this private information to the upper management at CyberData making it impossible for plaintiff to continue being employed there." These allegations do not show that there was any "joint action" by Defendants and Henard, that there was any "symbiotic relationship" between Defendants and the government, or that Defendants were performing any "public functions." Thus, the proposed Sixth Amended Complaint fails to allege any state action *See, id, at* 1210-14 (discussing the three tests for whether a private party has engaged in state action under color of law).

The proposed Sixth Amended Complaint fails to allege: 1) disclosure of any information protected by the Fourth Amendment; and 2) state action under color of law. Thus, the leave to amend is not warranted because it would be futile. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

Dated: *July 12, 2010*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*