UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| METTEYYA BRAHMANA,<br><br>        Plaintiff,<br><br>v.<br><br>PHILIP CHARLES LEMBO, et al.,<br><br>        Defendants. | Case No.: C 09-0106 PVT<br><br>**ORDER S**OLICITING **F**URTHER **B**RIEFING **R**EGARDING **E**XHAUSTION OF **A**DMINISTRATIVE **R**EMEDIES; AND **F**URTHER **C**ONTINUING **T**RIAL **S**ETTING **C**ONFERENCE |

      Currently pending before the court are Defendants' Motion to Dismiss Counts 1-5, 7 and 9 of Plaintiff's Fifth Amended Complaint (docket no. 189); and Defendants' Motion for Summary Judgment as to Counts 1-5, 7 and 9 of Plaintiff's Fifth Amended Complaint (docket no. 247). Having further reviewed the parties' briefs and the file herein, the court finds it appropriate to solicit further briefing on the issue of exhaustion of remedies. Therefore,

      IT IS HEREBY ORDERED that, no later than November 30, 2010, the parties shall submit supplemental briefs addressing the timeliness of Plaintiff's submissions to the United States Equal Employment Opportunity Commission ("EEOC") in light of the joint filing agreement between the EEOC and the California Department of Fair Employment and Housing ("DFEH"). *See Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989) (noting that worksharing agreement between EEOC and DFEH provided that each agency was the agent of the

other for the purpose of receiving charges); *see also,* Phyllis W. Cheng, Cal. Attorney General's Office, Unlawful Discrimination–Your Rights and Remedies, Civil Rights Handbook (3rd Ed. 2001), p. 31 ("the EEOC and DFEH have a joint filing agreement so a complaint filed with one agency is automatically filed with the other as well").[1]  It appears this issue was not considered by District Judge Whyte in connection with Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint.  In a similar situation the Ninth Circuit reversed and remanded a case to give the district court an opportunity to consider whether a claim filed with the EEOC 204 days after the alleged discriminatory acts was timely despite the fact it had never actually been filed with the DFEH.  *See, Peterson v. State of Cal. Dept. of Corrections and Rehabilitation*, 319 Fed.Appx. 679 (9th Cir. 2009).[2]

IT IS FURTHER ORDERED that the trial setting conference is CONTINUED to 2:00 p.m. on January 18, 2011.

Dated: *10/28/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1]   A copy of this handbook is available at ag.ca.gov/civilrights/pdf/01cr_handbook.pdf.

[2]   While this unpublished case is not binding precedent, it may be cited pursuant to CTA9 Rule 36-3(b).

ORDER, *page 2*